IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **JERRY LEATHERS** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| **WALMART INC.** | ) |
| Serve at: | ) |
| CT Corporation System | ) |
| 120 South Central Ave | ) |
| Clayton, MO 63105 | ) |
| (Service by St. Louis County Sheriff) | ) |
| | ) |
| Defendants. | ) |

## PETITION FOR DAMAGES

COMES NOW Plaintiff, by and through counsel, and for his Petition for Damages, states as follows:

## PARTIES

1. At all times relevant herein, Plaintiff is an individual and resident of Missouri.

2. Defendant Walmart Inc. (hereinafter, "Walmart") is a foreign corporation located in and registered to do business in Missouri. Walmart operates physical locations throughout Missouri, including but not limited to, Jackson County, Missouri and maintains a registered agent located at 120 South Central Avenue, Clayton, MO 63105.

3. At all relevant times, Defendant Walmart was Plaintiff's employer as defined by and within the meaning of 29 U.S.C. § 630 of the Age Discrimination Employment Act (ADEA) as Defendant was engaged in an industry affecting commerce who had twenty (20) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year of Plaintiff's employment with Defendant.

1

4. At all relevant times, Defendant Walmart was Plaintiff's employer as defined by and within the meaning of 42 U.S.C. § 12111 of the American with Disabilities Act (ADA) as Defendant was engaged in an industry affecting commerce who had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year of Plaintiff's employment with Defendant.

5. At all times relevant herein, Plaintiff was employed by Defendant and performed duties in Missouri.

## JURISDICTION AND VENUE

6. Plaintiff asserts statutory claims of age discrimination and retaliation pursuant to the ADEA, 29 U.S.C. § 621 et seq., making jurisdiction appropriate for this Court.

7. Plaintiff asserts statutory claims of disability discrimination and retaliation pursuant to the ADA, 42 U.S.C. § 12111 et seq.

8. Defendant Walmart employs a workforce and transacts business in Missouri.

9. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and later filed an Amended Charge of Discrimination which is attached hereto as **Exhibit A**. Plaintiff raised all acts of discrimination for which he is seeking relief in said charges or, alternatively, all claims would arise out of the investigation of such charges.

10. On November 18, 2019, the EEOC issued a Notice of Right to Sue (Attached hereto and incorporated herein as **Exhibit B**) and Plaintiff filed his Petition within 90 days of receipt of said Notice. All conditions precedent to the filing of this lawsuit have occurred.

## FACTS COMMON TO ALL COUNTS

11. Plaintiff is a 69-year old male who has been diagnosed with diabetes.

12. Plaintiff is a former employee of Defendant Walmart as that term is defined by the ADEA and ADA.

13. Plaintiff worked as an over-the-road truck driver for Walmart for approximately 27 years. During his employment, he delivered merchandise for sale to various stores operated by Defendant in Missouri, Kansas, and Arkansas.

14. Plaintiff's disability required the amputation of the big toe of his right foot on or about summer 2015. In addition, his disability required amputation of the little toe on his left foot on or about June 2017. Neither amputation prevented Plaintiff from successfully performing the essential functions of his position with Defendant.

15. On or about December 2017, Plaintiff had surgery on his left knee to replace the joint. This surgery did not prevent Plaintiff from being able to perform the essential functions of his position with Defendant.

16. In January 2018, Defendant required Plaintiff to submit to a return-to-work exam. The physician hired by Defendant refused to certify Plaintiff and stated to Plaintiff, "You'll never drive for Walmart."

17. Following the exam, David Tyler, human resources manager for Walmart told Plaintiff that he could resign or be refused continued employed until considered a medical discharge.

18. As a result, Plaintiff obtained his own certification from a physician in November 2017. After receiving this certification, Plaintiff requested to be placed in any other position he

was qualified.  Walmart refused this request until Plaintiff was considered discharged on March 1, 2018.

19. Plaintiff subsequently obtained another truck-driving position with substantially the same essential functions of his position with Defendant using the certification he obtained in November 2017.  Plaintiff was able to successfully perform the essential function of a truck driver at that time.  Plaintiff was again re-certified in Missouri in December 2018 after a medical examination under DOT specifications.

20. On or about July 2018, Defendant contacted Plaintiff by phone regarding a new opportunity to rejoin the company as a Private Fleet Driver.  However, the doctors hired by Defendant again refused to certify Plaintiff.

21. During the relevant period of time, Defendant engaged in a pattern and practice of hiring younger, non-disabled employees to work for Defendant.

## COUNT I
## Disability discrimination in violation of the ADA

22. Plaintiff incorporates by reference the factual allegations in the preceding paragraphs and within Exhibit A, attached hereto, as if set forth herein.

23. Plaintiff was a member of a protected class in that he is a diabetic.

24. The conduct described above resulted in one or more adverse employment actions to Plaintiff, including without limitation: causing tests concerning Plaintiff's employment to be administered in a manner such that it does not accurately measure Plaintiff's skills and aptitude to perform his essential functions, wrongfully terminating his employment, refusing to place Plaintiff in another position for which he was qualified, and failure to rehire Plaintiff.

4

25. Defendant's conduct as described herein was part of a pattern and practice of conduct perpetuated to discriminate against Plaintiff and similarly-situated employees before and after his employment due to their disabilities.

26. Plaintiff's disability caused Defendant's conduct as described above.

27. Defendant knew or should have known of the discrimination based on Plaintiff's disability but failed to take prompt remedial action in response.

28. As a result, Plaintiff suffered lost wages and benefits, past and future, garden variety emotional distress, mental anguish, stress, pain and suffering, inconvenience, embarrassment, humiliation, lost career opportunities, and other non-pecuniary losses.

29. The conduct of Defendant was outrageous, reflected an evil motive and/or was in conscious disregard for Plaintiff's rights, such that Plaintiff is entitled to an award of punitive damages in an amount determined by a jury of his peers.

30. At all times described herein, the persons responsible for perpetrating the discriminatory conduct were agents, servants, and employees of Defendant and were at all such times acting within the scope and course of their agency and employment.

31. Plaintiff is also entitled to recover all of his costs, expenses, expert witness fees, and attorneys' fees incurred in this matter.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount that is fair and reasonable for actual damages, compensatory and punitive damages, all costs, expenses, expert witness fees and attorneys' fees incurred herein, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## COUNT II
## Age Discrimination in violation of the ADEA

32. Plaintiff incorporates by reference the factual allegations in the preceding paragraphs and within Exhibit A, attached hereto, as if set forth herein.

33. Plaintiff was a member of a protected class in that he is over 40 years of age.

34. The conduct described above resulted in one or more adverse employment actions to Plaintiff, including without limitation: causing tests concerning Plaintiff's employment to be administered in a manner such that it does not accurately measure Plaintiff's skills and aptitude to perform his essential functions, wrongfully terminating his employment, refusing to place Plaintiff in another position for which he was qualified, and failure to rehire Plaintiff.

35. Defendant's conduct as described herein was part of a pattern and practice of conduct perpetuated to discriminate against Plaintiff and similarly-situated employees before and after her employment due to their age.

36. Plaintiff's age caused Defendants' conduct as described above.

37. Defendants knew or should have known of the discrimination based on Plaintiff's age but failed to take prompt remedial action in response.

38. As a result, Plaintiff suffered lost wages and benefits, past and future, garden variety emotional distress, mental anguish, stress, pain and suffering, inconvenience, embarrassment, humiliation, lost career opportunities, and other non-pecuniary losses.

39. The conduct of Defendant was outrageous, reflected an evil motive and/or was in conscious disregard for Plaintiff's rights, such that Plaintiff is entitled to an award of punitive damages in an amount determined by a jury of his peers.

40. At all times described herein, the persons responsible for perpetrating the discriminatory conduct were agents, servants, and employees of Defendant and were at all such times acting within the scope and course of their agency and employment.

41. Plaintiff is also entitled to recover all of his costs, expenses, expert witness fees, and attorneys' fees incurred in this matter.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount that is fair and reasonable for actual damages, compensatory and punitive damages, all costs, expenses, expert witness fees and attorneys' fees incurred herein, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## Count III
## Retaliation in Violation of the ADA

42. Plaintiff incorporates by reference the factual allegations in the preceding paragraphs and within Exhibit A, attached hereto, as if set forth herein.

43. During his employment, Plaintiff objected to discrimination based on his disability, thereby engaging in protected activity under the ADA.

44. Following Plaintiff's opposition to the discrimination, Plaintiff was subjected to one or more adverse employment actions, including without limitation: causing tests concerning Plaintiff's employment to be administered in a manner such that it does not accurately measure Plaintiff's skills and aptitude to perform his essential functions, wrongfully terminating his employment, refusing to place Plaintiff in another position for which he was qualified, and failure to rehire Plaintiff.

45. Plaintiff's protected activity caused Defendant's conduct as described above.

46. Defendant knew or should have known of the retaliation based on Plaintiff's protected activity but failed to take prompt remedial action in response.

47. As a result of the retaliation against Plaintiff, Plaintiff suffered lost wages and benefits, past and future, garden variety emotional distress, mental anguish, stress, pain and suffering, inconvenience, embarrassment, humiliation, lost career opportunities, and other non-pecuniary losses.

48. The conduct of Defendant was outrageous, reflected an evil motive and/or was in conscious disregard for Plaintiff's rights, such that Plaintiff is entitled to an award of punitive damages in the amount determined by a jury of his peers.

49. At all times described herein, the persons responsible for perpetrating the retaliation were agents, servants, and employees of Defendant and were at all such times acting within the scope and course of their agency and employment.

50. Plaintiff is also entitled to recover all of his costs, expenses, expert witness fees, and attorneys' fees incurred in this matter.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount that is fair and reasonable for actual damages, compensatory and punitive damages, all costs, expenses, expert witness fees and attorneys' fees incurred herein, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## COUNT IV
### Retaliation in violation of the ADEA

51. Plaintiff incorporates by reference the factual allegations in the preceding paragraphs and within Exhibit A, attached hereto, as if set forth herein.

52. During his employment, Plaintiff objected to discrimination based on his age, thereby engaging in protected activity under the ADEA.

53. Following Plaintiff's opposition to the discrimination, Plaintiff was subjected to one or more adverse employment actions, including without limitation: causing tests concerning

8

Case 4:20-cv-00096-RK   Document 1   Filed 02/11/20   Page 8 of 17

Plaintiff's employment to be administered in a manner such that it does not accurately measure Plaintiff's skills and aptitude to perform his essential functions, wrongfully terminating his employment, refusing to place Plaintiff in another position for which he was qualified, and failure to rehire Plaintiff.

54. Plaintiff's protected activity caused Defendant's conduct as described above.

55. Defendant knew or should have known of the retaliation based on Plaintiff's protected activity but failed to take prompt remedial action in response.

56. As a result of the retaliation against Plaintiff, Plaintiff suffered lost wages and benefits, past and future, garden variety emotional distress, mental anguish, stress, pain and suffering, inconvenience, embarrassment, humiliation, lost career opportunities, and other non-pecuniary losses.

57. The conduct of Defendant was outrageous, reflected an evil motive and/or was in conscious disregard for Plaintiff's rights, such that Plaintiff is entitled to an award of punitive damages in the amount determined by a jury of his peers.

58. At all times described herein, the persons responsible for perpetrating the retaliation were agents, servants, and employees of Defendant and were at all such times acting within the scope and course of their agency and employment.

59. Plaintiff is also entitled to recover all of his costs, expenses, expert witness fees, and attorneys' fees incurred in this matter.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount that is fair and reasonable for actual damages, compensatory and punitive damages, all costs, expenses, expert witness fees and attorneys' fees incurred herein, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

Respectfully submitted,

**PLAYTER & PLAYTER, LLC**

 /s/ ***Chris R. Playter***
Eric S. Playter, MO #58975
Chris R. Playter, MO #65109
400 SW Longview Blvd, Suite 220
Lee's Summit, MO 64081
(816) 666-8902
(816) 666-8903 (Facsimile)
eric@playter.com
chris@playter.com
**ATTORNEY FOR PLAINTIFF**

# EXHIBIT A

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | Amended<br>563-2019-00230 |

and EEOC

State or local Agency, if any

**Name** (Indicate Mr., Ms., Mrs.)
Mr. Jerry Leathers

**Date of Birth**
08/28/1951

**Street Address**
9911 State Line Road

**City, State and ZIP Code**
Kansas City, Missouri 64114

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

**Name**
Wal-Mart, Inc. (Walmart Transportation)

**No. Employees, Members**
500+

**Phone No. with Area Code**
785-229-3080

**Street Address**
3270 Nevada Terrace

**City, State and ZIP Code**
Ottawa, Kansas 66067

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☒ AGE ☒ DISABILITY ☐ OTHER (Specify below)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 7/25/2018
Latest: 7/27/2018
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

(See attached statement)

RECEIVED EEOC
KANSAS CITY AREA OFFICE
2019 APR -8 PM 3:29

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

4/5/19 — Jerry Leathers

NOTARY – When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

# STATEMENT FOR CHARGE

NOTE: THIS STATEMENT IS THE SAME STATEMENT THAT WAS PROVIDED WITH THE FIRST CHARGE UP TO THE POINT OF THE BOLD-FACE TYPE. THE LANGUAGE ADDED FOR THIS SECOND CHARGE IS IN THE BOLD-FACE TYPE.

I.  Background.

Jerry Leathers worked as an over-the-road truck driver for Wal-Mart for a little more than twenty-seven years. He delivered merchandise for sale to various stores operated by Wal-Mart. Mr. Leathers drove trucks out of Wal-Mart's distribution facility at Ottawa, Kansas.

II.  Disability and Surgery.

Mr. Leathers has diabetes. This condition required the amputation of the big toe on the right foot in the summer of 2015. The condition also required the amputation of the little toe on the left foot in June of 2017. Neither amputation caused a substantial limitation on his ability to walk nor on any other major life activity.

In December, 2017, Mr. Leather had surgery on his left knee to replace the joint. The surgery did not cause a substantial limitation on his ability to walk or on any other major life activity. He continued to be able to perform the essential functions of a truck driver.

III.  Return to Work Exam.

In January, 2018, Wal-Mart required Mr. Leathers to submit to a return-to-work exam. The exam was the same exam required periodically of over-the-road truck drivers by the U.S. Department of Transportation. Because of the two toe amputations, the physician hired by Wal-Mart refused to certify Mr. Leathers as required DOT. The doctor who performed the exam stated to Mr. Leathers, "You'll never drive for Wal-Mart."

1

After the exam, David Tyler, human resources manager for Wal-Mart at the Ottawa distribution center, told Mr. Leathers that he could resign or **be refused continued employment and be considered a medical discharge, which is the equivalent of a firing.**

Mr. Leathers had obtained his own certification through a different physician in November of 2017. Wal-Mart refused to accept that certification. As a diabetic, Mr. Leathers had to have a certification exam at least once every twelve months.

**Mr. Leathers requested to be placed in any other position he was qualified for but Wal-Mart refused that request. The office manager at the Ottawa facility, Candy (LNU), refused Mr. Leathers' request saying, "We won't have nothing for you."**

IV. Termination.

Wal-Mart policy is that an employee who has had an injury or surgery that required the employee to be absent must return to work within one year of the injury or surgery. Because Wal-Mart improperly refused to allow Mr. Leathers to return to work, he resigned on March 1, 2018.

V. Post-Termination.

Mr. Leathers obtained another truck-driving position with Swift after resigning from Wal-Mart by using the certification he had obtained in November of 2017. **On December 10, 2018, Concentra in Grandview, Missouri re-certified Mr. Leathers after a medical exam under DOT specifications. Swift had ordered Mr. Leathers there for the re-certification.**

VI. Re-application for Employment.

**By way of a letter dated July 25, 2018, a Wal-Mart representative refers to attempts**

RECEIVED EEOC KANSAS CITY AREA OFFICE 19 APR -8 PM 3:30

to contact Mr. Leathers by phone about a new opportunity to "rejoin" the company as a Private Fleet Driver. The letter further welcomes him to call to "discuss the possibilities. (See letter attached)

In response to receiving the letter, Mr. Leathers contacted Wal-Mart on July 27, 2018 and on the same day appeared at the Ottawa facility. There, Jeff (LNU), administered driving and safety skill tests to Mr. Leathers. Mr. Leathers passed.

Wal-Mart then sent Mr. Leathers to Concentra in Lenexa, Kansas for a DOT examination. The doctor who administered testing to Mr. Leathers refused to certify Mr. Leathers based on a foot sensitivity test, blood pressure test and neck-size test.

The blood pressure test was administered twice. On the first test, Mr. Leathers passed. The second test was administered after the doctor had agitated Mr. Leathers. Mr. Leathers disputed the foot-sensitivity test and the neck-measurement test.

RECEIVED EEOC
KANSAS CITY AREA OFFICE
2019 APR -8 PM 3:30

# EXHIBIT B

EEOC Form 161-B (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Jerry M. Leathers<br>9911 State Line Road<br>Kansas City, MO 64114 | From: | Kansas City Area Office<br>Gateway Tower II<br>400 State Avenue, Suite 905<br>Kansas City, KS 66101 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 563-2019-00230 | Jose L. Torres, Jr., Investigator | (913) 551-6645 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_for:_ Natascha Deguire,
Area Office Director

NOV 1 8 2019
(Date Mailed)

Enclosures(s)

cc: Jamie Rotteveel
Walmart
c/o Littler Mendelson, P.C. - GSC (LCS)
2301 McGee Street, Suite 800
Kansas City, MO 64108

Chris R. Playter
Playter Trail Lawyers
400 SW Longview Boulevard, Suite 220
Lee's Summit, MO 64081